FILED
CLERK
12:41 pm, Aug 16, 2019
U.S. DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
LONG ISLAND OFFICE

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**
---------------------------------------------------------X
UNITED STATES,

        -against-                              **MEMORANDUM OF**
                                                  **DECISION & ORDER**
CHANDRICA CLARKE,                      17-CR-398 (ADS)(SIL)

                Defendant.
---------------------------------------------------------X

**APPEARANCES:**

**United States Attorneys Office, Eastern District of New York**
*Attorneys for the United States*
610 Federal Plaza
Central Islip, NY 11722
      By:    Lara Treinis Gatz, Esq., Assistant United States Attorney.

**LaRusso Conway & Bartling LLP**
*Attorneys for Defendant*
300 Old Country Road, Suite 341
Mineola, NY 11501
      By:    Nancy Lynn Bartling, Esq., Of Counsel.

**SPATT, District Judge**:

      Following an indictment and August 2017 arraignment for theft of government funds, a violation of 18 U.S.C. §§ 641, 2, and 3551 *et seq.*, Chandrica Clarke ("the Defendant") pleaded guilty to that charge. In the preceding two years, the Defendant had been convicted of two other federal offenses in different proceedings. She was serving her sentences from those proceedings at the time of her arraignment in the present action. The Defendant completed her sentences for those earlier convictions on October 29, 2018, though she remained in custody during the pendency of the present action. On January 23, 2019, the Court sentenced the Defendant to 24 months' imprisonment, and ruled that she would receive credit for time served as determined by the Bureau of Prisons ("BOP").

Presently before this Court are two motions by the Defendant. The first motion, pro se, seeks credit for time served dating back to the August 2017 arraignment, and opposes the BOP's determination to credit her only for time served starting on October 30, 2019, once she had finished her sentences for the earlier convictions. The Government responds to this motion, arguing that the BOP had correctly credited her for time served. The second motion, through counsel, objects to the BOP's credit calculation and asks for resentencing based on credit for time served since August 2017. In the second motion, the Defendant argues that it was this Court's intent at sentencing to give the Defendant credit for time served starting in August 2017.

For the foregoing reasons, both of the Defendant's motions are denied with prejudice.

**I.  BACKGROUND**

Although the Court assumes familiarity with the background of this case, the present motions concern three separate criminal proceedings and their relationship to one another. Those proceedings are 15-cr-844 ("the First Action"), 15-cr-574 ("the Second Action"), and the present action. This decision briefly recounts these actions.

**A. Criminal Proceedings**

The First Action arose in the Southern District of New York. In September 2016, the Defendant pleaded guilty to conspiracy to commit wire fraud. S.D.N.Y. 15-cr-844, 9/15/2016 entry. In December 2016, the Defendant was sentenced to 27 months' imprisonment. S.D.N.Y. 15-cr-844, doc. 39.

The Second Action arose before this Court. In April 2016, the Defendant pleaded guilty to obstruction of an official proceeding. E.D.N.Y. 15-cr-578, doc. 24. The Court sentenced the Defendant to 15 months' imprisonment in February 2017. E.D.N.Y. 15-cr-578, doc. 35. The

Court noted that the Defendant's 15-month sentence was "to run consecutive to the sentence imposed in the Southern District of New York." *Id.* at 2.

Like the Second Action, the present action arose in this Court. The Defendant was indicted for theft of government funds on July 25, 2017. ECF 1. She was still serving her sentences for the First and Second Actions, and she appeared in custody for her arraignment on August 10, 2017. ECF 4. On November 16, 2017, the Defendant pleaded guilty to theft of government funds. ECF 11.

The Defendant's sentencing hearing proceeded as follows. ECF 35-1. The Court noted that since the Defendant's August 10, 2017 arraignment, she had been in custody for almost 17 months. *Id.* at 4. The Defendant's counsel said that the Defendant had completed her sentences from the First and Second Actions in October 2018. *Id.* at 12. The Court ultimately sentenced the Defendant to, inter alia, 24 months' imprisonment. *Id.* at 23.

As to credit for time served, the Court initially said "[i]t is further ordered that the [D]efendant is to be given credit for time already served since August 10, 2017." *Id* at 21. The Government said that the BOP would first need to determine "what part of that incarceration was credited towards the sentence[s] she was serving, as opposed to this particular matter." *Id.* The Court then ordered that "the [D]efendant is to be given credit for time served as determined by the [BOP]." *Id.* at 23. The Defendant's January 25, 2019 judgment also stated that the Defendant would be given credit for time served "as calculated by the [BOP]." ECF 27 at 2.

**B. The Pending Motions**

The Defendant now files two motions concerning credit for time served. In her first motion, seeking credit for time served, she alleges that the BOP gave her credit starting after October 29, 2018. ECF 32. She argues that she should have been credited starting on the date of

3

her August 10, 2017 arraignment. *Id.* She further notes that she is scheduled for release on July 26, 2020. *Id.*

The Government opposes the motion, arguing that the BOP made an accurate determination of credit for time served. ECF 33. It also notes that the Defendant started receiving credit for time served on October 30, 2018, the day after her sentences concluded. *Id.*

In the Defendant's second motion, she opposes the BOP's credit calculation and she asks for resentencing that gives her credit for time served starting on August 10, 2017. ECF 35. She argues that this Court intended to give her credit for that period. *Id.* The Government has yet to respond to the second motion.

## II.  DISCUSSION

### A.  Legal Standard

The statue for calculation of credit for time served provides as follows:

> **(b) Credit for prior custody.**--A defendant shall be given credit toward the service of a term of imprisonment for any time he has spent in official detention prior to the date the sentence commences--
>
>> **(1)** as a result of the offense for which the sentence was imposed; or
>>
>> **(2)** as a result of any other charge for which the defendant was arrested after the commission of the offense for which the sentence was imposed;
>
> that has not been credited against another sentence.

18 U.S.C.A. § 3585(b).

The Second Circuit has determined that "only the BOP is entitled to give credit for time served prior to the commencement of a sentence." *Werber v. United States*, 149 F.3d 172, 179 (2d Cir. 1998); *see also Lopez v. Terrell*, 654 F.3d 176, 183 (2d Cir. 2011); *United States v. Los Santos*, 283 F.3d 422, 427 (2d Cir. 2002); *United States. v. Luna-Reynoso*. 258 F.3d 111, 117 (2d Cir. 2001); *United States v. Savoy*, 199 F.3d 1324, 1324 (2d Cir. 1999) ("Credit for prior custody . . .

4

is granted by the Attorney General through the [BOP] after a defendant is sentenced, not by a district court at the time of sentencing.") (internal quotation marks omitted). Conversely, a district court judge does not have authority under § 3585 to compute credit for time served at sentencing. *Los Santos*, 283 F.3d at 427 (citing *United States v. Wilson*, 503 U.S. 329, 334, 112. S. Ct. 1351, 117 L. Ed. 2d 593 (1992)). Though prisoners may seek judicial review of the BOP's sentencing determinations, prisoners must first exhaust their administrative remedies. *United States v. Whaley*, 148 F.3d 205, 206 (2d Cir. 1998) (per curiam); (citing *Wilson*, 503 U.S. at 335, 112 S. Ct. at 1355); *see also Savoy*, 199 F.3d at 1324.

### B. Application to this Case

As to the first motion, the Defendant argues that the BOP erroneously calculated the credit she should receive for time served. Further, in her reply, she argues that pursuant to *Garlotte v. Fordice*, 515 U.S. 39, 40–41, 115 S. Ct. 1948, 132 L. Ed. 2d 36 (1995), she should have received credit for time served starting on the date of her arraignment, though she does not elaborate on this argument. The Court disagrees.

The motion should be denied because this Court lacks the authority to grant credit for time served. *See, e.g.*, *Los Santos*, 283 F.3d at 427. The Defendant's reliance on *Garlotte* is unavailing. The Supreme Court in *Garlotte* ruled that a petitioner who is serving consecutive state sentences is "in custody" and may bring a habeas petition attacking the sentence scheduled to run first, even if it has expired. 515 U.S. at 47; 115 S. Ct. at 1952. This holding does not bear on the issues relevant to this case, namely, who has the authority to determine credit for time served, and how a party may challenge that determination.

As to the second motion, Clarke relies on the Court's apparent intent to give her credit for time served starting in August 2017. This argument lacks merit because regardless of the Court's

5

intent at sentencing, a district court lacks the authority to impose credit for time served. *See, e.g.*, *Los Santos*, 283 F.3d at 427. Clarke may challenge the BOP's determination, but she first must exhaust her administrative remedies. *Whaley*, 148 F.3d at 206. Neither she nor her counsel have alleged that she has sought administrative review of the BOP's determination, so there is once again no basis for this Court to review the BOP's decision.

### III. CONCLUSION

For the foregoing reasons, the Court denies the Defendant's motions, with prejudice.

It is **SO ORDERED.**

| /s/ Arthur D. Spatt | August 16, 2019 |
|---|---|
| Arthur D. Spatt, U.S.D.J. | Date |

6